DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-005-FDW

| | |
|---|---|
| MARCUS ANTOINE WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **ORDER** |
| FNU KALINSKI, Doctor, Alexander | ) |
| Correctional Institution, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**THIS MATTER** comes before the Court on initial review of Plaintiff's pro se Complaint, filed pursuant to 42 U.S.C. § 1983, (Doc. No. 1), and on Plaintiff's Motions to Appoint Counsel, (Doc. No. 5; 9), Plaintiff's first Motion to Amend Complaint, (Doc. No. 6), Plaintiff's Motion for Preliminary Injunction, (Doc. No. 8), Plaintiff's Motion for a Medical Expert Witness, (Doc. No. 11), Plaintiff's second Motion to Amend Complaint, (Doc. No. 13), and Plaintiff's Motion of Settlement, (Doc. No. 21).

**I. BACKGROUND**

Pro se Plaintiff Marcus Wilson is a state court inmate currently incarcerated at Mountain View Correctional Institution ("Mountain View") in Spruce Pine, North Carolina. On October 31, 2013, Plaintiff filed the instant Complaint in the Eastern District of North Carolina pursuant to 42 U.S.C. § 1983. On January 7, 2014, that court transferred the matter to this district. See (Doc. No. 15). Plaintiff has named the following persons as Defendants: FNU Kalinski, identified as a doctor at Alexander Correctional Institution ("Alexander"); FNU Wolf, identified as a nurse at Mountain View; FNU Cox, identified as a sergeant at Mountain View; FNU

Johnson, identified as a correctional officer at Alexander; FNU Hall, identified as a correctional officer at Mountain View. Plaintiff alleges in the complaint that on some unspecified date he was transferred from Mountain View to Catawba Hospital. (Doc. No. 1 at 5). He alleges that he was then transferred to Alexander because Alexander has an infirmary. (Id.). Plaintiff alleges that when he was returned to Mountain View, he was placed on a prison bus with a peripherally inserted center catheter, or "PICC line," still in his right arm, which allegedly subjected him to risk of danger. See (Doc. No. 1 at 5-6). Plaintiff also alleges that he was strip-searched when he got to Mountain View and was then harassed and handcuffed by correctional officers before he was returned to his cell. (Id. at 7). Plaintiff alleges that he is handicapped and must use a walker to get around, and that prison officials placed him in danger by putting him on a bus with a PICC line in his arm without giving him protection. (Id.).

## II.  STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before filing a section 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that under the PLRA, exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id.

In <u>Woodford v. Ngo</u>, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so <u>properly</u> (so that the agency addresses the issues on the merits).'" <u>Id.</u> at 90 (quoting <u>Pozo v. McCaughtry</u>, 286 F.3d 1022, 1024 (7th Cir. 2002)). In <u>Jones v. Bock</u>, 549 U.S. 199 (2007), the Supreme Court stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." <u>Id.</u> at 211 (citing <u>Porter</u>, 534 U.S. at 524).

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. <u>Anderson v. XYZ Correctional Health Servs.</u>, 407 F.3d 674 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. "The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies." <u>Green v. Rubenstein</u>, 644 F. Supp. 2d 723, 742 (S.D. W. Va. 2009). The Fourth Circuit stated in <u>Anderson</u>, 407 F.3d at 683, as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

### III. DISCUSSION

Plaintiff's claims must be dismissed for failure to exhaust administrative remedies. Plaintiff attached a grievance dated October 3, 2013, in which he complained that before he was transferred from Alexander to Mountain View on October 1, 2013, the medical staff at

-3-

Alexander did not remove the PICC line from his arm. (Doc. No. 1-1 at 1). Plaintiff alleges that prison policy prohibits prisoners with a PICC line in their arms from being transferred. The grievance form indicates that the grievance was accepted for screening on October 17, 2013. (Id.). Beyond submitting this initial grievance, Plaintiff has not attached any other grievance documents; thus, he has not shown that he grieved his claim through all steps of the grievance process. This action will therefore be dismissed without prejudice for failure to exhaust administrative remedies.[1]

## IV. CONCLUSION

Plaintiff's Complaint will be dismissed without prejudice for failure to exhaust administrative remedies.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's action is **DISMISSED** without prejudice for failure to exhaust administrative remedies.

(2) Plaintiff's Motions to Appoint Counsel, (Doc. Nos. 5; 9), Plaintiff's first Motion to Amend Complaint, (Doc. No. 6), Plaintiff's Motion for Preliminary Injunction, (Doc. No. 8), Plaintiff's Motion for a Medical Expert Witness, (Doc. No. 11), Plaintiff's second Motion to Amend Complaint, (Doc. No. 13), and Plaintiff's Motion of Settlement, (Doc. No. 21), are all **DENIED** as moot.

(3) The Clerk of Court is directed to close this case.

---

[1] The Court observes that Plaintiff also appears to have failed to state a claim for relief against any of the named Defendants. Nevertheless, because exhaustion of administrative remedies is a prerequisite to bringing claims in federal court, the Court may not address Plaintiff's claims on the merits.

Signed: February 7, 2014

Frank D. Whitney
Chief United States District Judge