# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:14-cv-5-FDW

| | |
|---|---|
| MARCUS ANTOINE WILSON, ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| FNU KALINSKI, et al., ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on a "Motion to Appeal the Decision of Judgment" by pro se Plaintiff. (Doc. No. 27).

On October 31, 2013, Plaintiff, a North Carolina inmate, filed the underlying lawsuit pursuant to 42 U.S.C. § 1983, essentially alleging that he was not given proper treatment when being transferred from one correctional institution to another. In an Order dated February 10, 2014, this Court dismissed Plaintiff's claims without prejudice for failure to exhaust administrative remedies. On March 6, 2014, Plaintiff filed the pending motion under Rule 59(e) of the Federal Rules of Civil Procedure.

With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to

1

make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Plaintiff's motion does not present evidence that was unavailable when he filed his Complaint, nor does his motion stem from an intervening change in the applicable law. Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. In sum, the Court will deny Plaintiff's motion.

Finally, to the extent that Plaintiff requests in his motion that the Court send back "all documentation of any kind" that was sent from Plaintiff to this Court, that request is denied.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Appeal the Decision of Judgment, (Doc. No. 27), is **DENIED**.

Signed: March 18, 2014

Frank D. Whitney
Chief United States District Judge